### JACOB W. MILES & WIFE *v.* ABRAHAM MILES.

By a second marriage a widow does not lose her right of homestead, whether it was assigned to her before such marriage or not.

A bill in equity is a proper proceeding for the recovery and assignment of such homestead, and the minor children are proper, if not necessary, parties.

THIS is a bill in equity brought by husband and wife for the recovery and assignment to the wife of a homestead in the estate of her former husband now deceased. After the bill was filed the plaintiffs moved to amend by making the minor children of her former husband, parties plaintiff.

The rest of the facts sufficiently appear in the opinion of the court.

*Christie,* for defendant.

I. The wife claims a homestead *as the widow* of Charles W. Miles; and under the statute, *it is only as such widow* that she is entitled to recover. If she does not sustain that character, she is not entitled to a homestead in his estate. We contend that she is not only not the widow of said Charles W. Miles, but that she is not a widow at all. She is a married woman, the wife of her co-plaintiff. Can a woman be a widow and a married woman at one and the same time? A widow, and the lawful wife of a living husband, with whom she cohabits? We think not. The moment a widow is married to a second husband, she passes from the condition of widowhood, as fully and as clearly as an infant ceases to be a minor when he passes the age of twenty-one. And we submit that in each case the right of homestead is alike lost; not on the ground that the identity of the individual is lost, but that an essential characteristic or qualification is lost, which loss operates as a bar to, or a forfeiture of, the right of homestead. It is as essential that a woman claiming a homestead in her deceased husband's estate should be his widow when she makes the claim, as it is that a child should be a minor at the time of claiming such homestead.

II. It is reasonable that it should be so held. By the second marriage she ceases to be the head of the first husband's family. She puts herself into a subordinate position in another family, and surrenders her person and property to the control of the new husband; and he becomes entitled to her earnings, and the income and possession of her property.

She thereby sunders all her relations with, and duties to, the family of her former husband, and disqualifies and disables herself any longer to discharge such duties.

III. Suppose the bill to be amended, and a homestead assigned as prayed for, what would be the rights of the father-in-law of the mother, and of the minors therein? The father-in-law would at once become entitled to the use, occupation, and improvement of all his wife's right; and when the minors become of age, he would virtually own the whole interest, and thus it would become a homestead for his family. But how can the minors reap any benefit from such a joint homestead? They have no right to sit at the table of the father-in-law, or to be members of his family; and the mother has no right to do anything for them. They cannot occupy it as a separate family, or lease it to others. Can they have partition? How shall it be apportioned? In short, shall a homestead for the new husband be carved out of the former one, regardless of the rights of the heirs, the grantees, or the creditors of the deceased.

*J. Smith*, for plaintiff.

I. The widow of Charles W. Miles did not, by marrying again, part with her homestead right. The statute annexes but one condition, viz., occupancy, to the widow's life estate in the homestead. No other condition can be inferred.

The language of the court favors this view. "The same right * * * survives to his widow, to hold * * * so long as she shall occupy. This may be for life. Her right, then, is to use and occupy for life * * * . This being assigned and set off by metes and bounds, vests in her as a conditional estate for life; its continuance depending upon the condition subsequent that she continues to occupy it as her homestead." Sawyer, J., in *Norris* v. *Moulton*, 34 N. H. 392, 396–7; see also *Hoitt* v. *Webb & Wife*, 36 N. H. 158.

In *Foster* v. *Foster*, 36 N. H. 437, (p. 439), *Eastman, J.*, intimates that a widow who has married again may be entitled to a homestead in her first husband's estate.

Analogous cases seem to support our position. Dower is not lost by a second marriage; nor is the right to a distributive share in an intestate husband's estate.

The term "widow" in our homestead act is a word of description, not of limitation. It designates or describes the person who is to take. By marrying again, Mrs. Miles did not destroy her identity with the widow of Charles W. Miles, to whom the statute gives a homestead right. 2 Jarman on Wills, 284; 1 Redfield on Wills, 383.

The statute in effect declares that the woman who was the wife of Charles W. Miles at the time of his death, shall have a homestead so long as she chooses to occupy the premises.

It is not easy to see how defendant's position as owner of the fee can be altered for the worse by the second marriage. The new husband does not have any legal interest in the homestead right, nor any control

over the premises set off for a homestead. See Pamphlet Laws, Ch. 2342, sec. 1. The widow has a right to occupy the premises as her home, and may make any use of them not injurious to the reversionary right of the owner of the fee. The defendant is not entitled to the surplus of the yearly profits of the homestead remaining after the widow and children have received their support therefrom.

The danger that controversy may arise hereafter between the widow and the children concerning the nature of their respective interests in the homestead, cannot justify a refusal to assign her and them the estate the statute gives them. Their relative rights, as against each other, need not be considered until litigation arises between them.

BELLOWS, J. The question is, whether the widow by a second marriage loses her right of homestead in the estate of her first husband.

The argument of the defendant's counsel is that by such second marriage she ceases to be the widow of her first husband, or to be any longer the head of his family, or in a situation to discharge the duties to his minor children which were contemplated by the statute in providing for this homestead.

By this statute the family homestead, while occupied as such by the husband during his life, or "his widow or minor children or any or either of them" after his death, is protected from his creditors; and the point is, whether the term "widow" was used to denote the person who was the wife of the deceased, or whether it was used as a term of limitation, operating to give her an interest only so long as she remained a widow.

Some light may be gained from the construction given to this term in the laws upon the somewhat analagous subject of dower and distributive shares in a deceased person's estate.

By the Revised Statutes, ch. 165, C. S. ch. 175, various provisions are made for the wife of a person deceased, and in every one of the fourteen sections but the eleventh, which merely qualifies three of the preceding sections, she is designated as the widow.

One of these sections authorizes an allowance for present support, to the widow; another gives her dower in the real estate. Section eight gives her, in addition to dower, one third part of all the estate remaining after payment of the debts and expenses of administration, where the husband leaves no lineal descendants, or makes no provision for her by will, or she waives such provision; and by section ninth, if the deceased is intestate and leave no such descendants, she shall have one half of the estate so remaining, in addition to her dower, or, as provided in the next section, to an amount equal to that which her husband received from her, or in her right during coverture, if she so elect.

By section twelve, if the deceased shall leave lineal descendants, but no will, she shall be entitled to one third part of the personal estate in addition to her dower; and by sections thirteen and fourteen, if the deceased die testate, leaving lineal descendants, but making no provision for the widow in his will, or she waives such provision, she shall be entitled to a portion of the personal estate equal with the children, or if

she elect, to one third part of such personal estate. In all these provisions she is uniformly designated as the widow; and it is obvious, we think, that the term is used as one of description merely, and not of limitation, and in all, but those which relate to dower, she is put upon the footing of others who are entitled to a distributive share; to hold it absolutely, and not as a life estate.

Neither is it anywhere provided in this, or any other statute, that a subsequent marriage shall affect her right to the benefit of these provisions. In this respect it differs from the cases of an executrix, or administratrix, or a female guardian, for then, by express provisions of our statutes, her marriage extinguishes the trust; and if it had been the design of the legislature in its provisions for the wife to limit their benefits to the time during which she remained a widow, it doubtless would have been declared in express terms, as in the cases of an executrix or guardian.

The policy of the law is against restraints upon marriages, and therefore a contract not to marry at all, or not to marry anybody but a particular person, without enforcing a corresponding reciprocal obligation, is treated as mischievous to the general interests of society, which are promoted by the support and encouragement of suitable marriages, and therefore such contracts are void. 1 Story Eq. Ju. sec. 274.

With such views of public policy, it would be utterly unreasonable to infer from the use of the word *widow* in the various provisions before quoted, a condition operating so decidedly in restraint of future marriages.

The definition of dower at common law as given by Littleton, ch. 5, sec. 36, is, where a man is seized of certain lands in fee simple, fee tail general, or as heir in special tail, and taketh a wife and dieth, the wife, after the decease of her husband, shall be endowed of the third part of such lands and tenements as were her husband's, at any time during the coverture, to have and to hold to the same wife in severalty by metes and bounds for term of her life, whether she have issue by her husband or no, and of what age soever she may be, so as she be past the age of nine years. And Coke says in his notes to the same section, that to the consummation of dower three things are necessary, viz., marriage, seizin, and the death of the husband.

It will be perceived here that the term wife is constantly used, instead of the term *widow* as in our statute, and yet they are both used merely as descriptive of the person, and mean the same thing; and it will hardly be contended that the estate of the tenant in dower terminates on her second marriage any more than would be the case of a tenant by the curtesy.

Nor can it be urged that the distributive share provided by the statute referred to, will be affected by a subsequent marriage. Under a similar law in Massachusetts it has been expressly decided that the statute is as explicit in giving one third of the personal property to the widow, as in giving the two thirds to the children; and that the right of the wife is a vested interest, and not defeated or affected by her subsequent marriage or death.

A similar construction, we think, is to be given to our statute relating to the family homestead that is exempt from attachment and execution during the life of the husband, and after his death is not subject to the laws of distribution or devise, and shall not be assets in the hands of the administrator, so long as the widow or minor children or any of them shall occupy the same.

By the operation of this statute the wife has an estate for life in the homestead upon condition that she continues to occupy it. *Norris* v. *Moulton*, 34 N. H. 392, 397–8. But this estate is farther qualified by the right of the minor children, if there be any, to occupy and enjoy it with her during their minority. This interest of the wife is given to her in terms not differing materially, so far as the question before us is concerned, from the terms used in the statute before quoted, providing for dower and a distributive share for the wife; and there is nothing in the nature of this homestead provision that calls for a different construction of those terms.

There may, indeed, be cases where a subsequent marriage might be unfortunate or prejudicial to minor children, who might need the undivided care of the mother. On the other hand there may be no minor children at all, or they may afterwards have become of age, and in that case the widow alone would be entitled to the homestead.

It is sufficient, however, to say that the legislature has not in this instance seen fit to impose any restraint upon the subsequent marriage of the wife, in express terms, and none can be implied from the use of the term widow, any more than in the case of the other statute before referred to.

It is urged that the minor children may, by a second marriage of the mother, be deprived of their home; but we think that a court of equity would afford ample remedies for such children, should there be an attempt to apply the use and profits of the homestead to other than legitimate purposes, namely, the support of the mother and minor children. See *Fletcher* v. *State Capital Bank*, 37 N. H. 395.

So far as we have any decisions on this subject, we find no countenance for the position of the defendants; on the contrary, we think their tendency is the other way.

In *Norris* v. *Moulton*, before cited, it is held that the wife is entitled to a conditional estate for life, depending upon her occupying such homestead, but nothing is said of the effect of a second marriage.

In *Hoitt* v. *Webb & Wife*, 36 N. H. 158, where the widow had married again, nothing was said of the effect of such subsequent marriage, but the decision was against the wife upon the ground that the land was never occupied as a homestead. See, also, *Foster* v. *Foster*, 36 N. H. 437.

Upon these grounds we are of the opinion that the wife does not lose her homestead by a subsequent marriage, and we are also of the opinion that a bill in equity is a proper form of remedy in such cases. *Atkinson* v. *Atkinson*, 37 N. H. 434; *Strachn* v. *Foss*, 42 N. H. 44.

We think, also, that the minor children are proper if not necessary

parties to the bill, and that the amendment should be allowed, and the
*Demurrer overruled*.